**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3967
_____

UNITED STATES OF AMERICA

v.

JOHN F. MOSTLER,

Appellant
_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:09-cr-00176-1)
District Judge:  Hon Anne E. Thompson

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2011

Before:  FUENTES, CHAGARES, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: February 11, 2011)

_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>

　　　John Mostler appeals from a final judgment of conviction by the United States

District Court for the District of New Jersey.  For the reasons set forth below, we will

affirm Mostler's conviction.

## I.

Because we write solely for the benefit of the parties, we will only briefly recite the facts. From a young age, Mostler claims to have held the belief that the payment of federal income taxes was voluntary. Despite this belief, Mostler paid his income taxes from 1982 through 2000. Following some additional research, largely conducted on the Internet, Mostler decided not to pay his taxes from the years 2000 through 2005. Although he was contacted by IRS agents, their refusal to respond to his letters with an affidavit of authority to collect taxes led him to conclude that he still did not have to pay. When an IRS agent arrived at his home, however, it caused some familial strife, and Mostler agreed to pay his back taxes and to continue to pay his taxes going forward. Despite this agreement, he still maintains his belief that the payment of federal income taxes is entirely voluntary.

Mostler was indicted on four counts of tax evasion, and was convicted by a jury on all four counts on January 7, 2010. At trial, his sole defense was that he had a good faith belief that he was not required to pay his federal income taxes, and that, therefore, he had not "willfully" violated the law, as required by 26 U.S.C. § 7201. Prior to the trial, the parties had a charge conference and worked together with the District Court to develop acceptable jury instructions. Although not all of defense counsel's requests were granted, the District Court explained its reasoning and offered alternative language suggestions, which were accepted by defense counsel. No objection was ever raised to the jury instructions that were ultimately given.

Following his conviction, Mostler filed a motion for new trial, arguing that he was denied his due process rights under the Fifth Amendment and his right to a jury trial under the Sixth Amendment because of the purportedly faulty jury instructions given by the District Court as well as its failure to answer properly a question from the jury relating to the good faith defense. This motion was denied, and Mostler was sentenced to 18 months of imprisonment on September 22, 2010. Mostler appeals the District Court's denial of his motion, and requests that we vacate his conviction and remand the case for a new trial.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and this Court has jurisdiction under 28 U.S.C. § 1291. We review unpreserved objections to jury instructions for plain error, United States v. Ozcelik, 527 F.3d 88, 96 (3d Cir. 2008), but when objections are preserved we apply an abuse-of-discretion standard to our review of the wording of instructions and the refusal to adopt specific language suggested by the parties. United States v. Jimenez, 513 F.3d 62, 74 (3d Cir. 2008).[1]

_____

[1] Although the parties disagree about whether the objections here were unpreserved, we believe that Mostler has not met the standard for preserving objections to jury instructions that is clearly set forth by this Court's precedent. See, e.g., United States v. Jake, 281 F.3d 123, 130 (3d Cir. 2002) ("[A]n objection must . . . be sufficiently precise to allow the trial court to address the concerns raised in the objection."). Mostler never objected to the instructions given, but, instead, merely asked that additional language be included in these instructions. Further, the District Court did add language to attempt to alleviate Mostler's concerns, and Mostler did not in any way communicate to the District Court that this additional language was insufficient. In sum, the District Court had no way of knowing that Mostler disagreed with the language of the instruction actually provided to the jury, and his actions, therefore, cannot be sufficient to preserve his objections to the formal instructions that were given.

III.

Mostler first argues that the District Court's jury instruction on the issue of willfulness was confusing as a whole, although he concedes that no single statement by the District Court was incorrect. The District Court stated as follows:

> The third element the Government must prove beyond a reasonable doubt is that the defendant acted willfully. Willfully means a voluntary and intentional violation of a known legal duty. . . . Defendant's conduct was not willful if he acted through negligence or a mistake or accident or due to a good faith misunderstanding of the requirements of the law. A good faith belief is one that is honestly and genuinely held. A good faith misunderstanding of the law or a good faith belief that one is not violating the law negates willfulness, whether or not the claimed belief or misunderstanding is objectively reasonable. A defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be considered by the jury. However, mere disagreement with the law or belief that the tax laws are unconstitutional or otherwise invalid does not constitute a good faith misunderstanding of the requirements of law. All persons have a duty to obey the law whether or not they agree with it. Any claim that the tax laws are invalid, unconstitutional, or inapplicable is incorrect as a matter of law.

Appendix ("App.") at 425-26. Mostler asserts that this instruction left the jury confused because although the issue of whether the tax laws actually did apply to him is irrelevant for the jury, the issue of whether he believed that the tax laws applied to him is at the heart of his defense. He argues that a reasonable juror easily could have concluded from this instruction that she was required to convict even if Mostler had a good faith misunderstanding of the mandatory nature of the tax laws. This interpretation would

---

In regard to the answer to the jury's question, on the other hand, Mostler clearly communicated to the District Court that he believed that further instruction was necessary and that the District Court's answer was insufficient, thereby preserving his objection. For these reasons, we will review the District Court's initial instructions for plain error, but will review its answer to the jury's question for abuse of discretion.

effectively remove Mostler's ability to present his good faith defense, as his misunderstanding was related to the applicability of the tax system as a whole rather than to any specific provision. In this way, Mostler argues that the District Court's instructions allowed the jury to find the element of willfulness despite also finding that the failure to pay was the result of a good faith misunderstanding.

We see no error in the District Court's instructions to the jury.[2] Mostler did not have a good faith misunderstanding about any specific provision of the tax code or its applicability to him; instead, he merely claims to have a good faith misunderstanding about the mandatory nature of the federal income tax. This alleged misunderstanding, however, is predicated on his belief that a mandatory federal income tax is unconstitutional. To uphold Mostler's view of the good faith defense would, therefore, allow a back door for the defense that the tax statutes are unconstitutional, which was explicitly foreclosed by the Supreme Court's decision in Cheek v. United States, 498

---

[2] It is worth noting that the Government argues that Mostler has waived any objection to the jury instructions under the "invited error" doctrine. Ozcelik, 527 F.3d at 97 n.6 (finding objections to jury instructions waived because the objecting party had previously made a joint motion to adopt those instructions); United States v. Stewart, 185 F.3d 112, 127 (3d Cir. 1999) (stating that objections to jury instructions are waived in situations where the instructions given were the result of the complaining party's objection to the original proposed jury instructions); United States v. W. Indies Transp., Inc., 127 F.3d 299, 311 (3d Cir. 1997) (noting that failure to include a specific element in a party's requested jury instructions waives that party's ability to object to the provided jury instructions for failing to include that element). In this case, however, Mostler did not fail to request the instruction that he desired, did not suggest the language of the instruction actually given, and did not cause the final language through his objection. Instead, he merely participated in a charge conference at which some of his requested instructions were denied, and he did not object to the District Court's final instructions. Although this does cause us to review only for plain error, it is insufficient for us to find that any objection is waived through the doctrine of invited error.

U.S. 192 (1991).  Because of this, the applicability of the good faith defense was appropriately limited to true misunderstandings rather than extended to broad excuses for refusal to pay taxes.  The District Court's instructions were proper, and we see no grounds for vacating Mostler's conviction based on the jury charge.

Mostler then argues that the District Court erred in its answer to the question asked by the jury during its deliberation.    The jury sent a note to the District Court stating "Please provide more clarity regarding a good faith belief."  App. 478.  Defense counsel requested that the jury be given the Third Circuit's model instruction on the good faith defense, and also requested that the jury be reminded that the Government bore the burden of proof on all elements of the charged offense.  App. 468-69.  The District Court refused both of these requests and instead responded to the jury by stating:

> I think we have tried as best we could to articulate a good faith belief on Page 22.  The lawyers argued and spent most of their time in their summations today discussing good faith or willfulness, which is obviously the related concept.
> I think I'm going to ask you to go back and discuss further Page 22, and, if you feel that there's something more specific that you're seeking, please advise me but I think you're going to have to use your wisdom of 12 jurors to discuss and analyze what has been presented to you and bring to bear your thoughts and analysis just as has been set forth in the charge. You might want to reread the charge.
> So, thank you very much and, if you would like to be more specific, you may be so.  Thank you.

App. 469-70.

Again, we find no error in the District Court's response.  Given the extremely broad and vague question, we are not prepared to state that the District Court abused its discretion in refusing to provide additional extensive instructions on the background of

6

the good faith defense.  This is especially true given that Mostler contends that the instructions were already overly long and complicated.  The District Court made clear that the issue of good faith was already covered in a particular part of the jury charge, and invited the jury to ask a more specific question if it still needed further clarification.  This decision was well within its discretion.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.